### WARTH v HYMAN

Ohio Appeals, 1st Dist, Hamilton Co
No 6056. Decided Dec 8, 1941

318

A. Friedman, Cincinnati, and Wm. C. Schuch, Cincinnati, for appellee.
Paul W. Steer, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio. The plaintiff wrongfully refused to give up a bed which was the property of the defendant, who instituted a criminal prosecution charging plaintiff with criminal conversion, he was arrested and upon trial acquitted, upon which he instituted the present action asking damages for malicious prosecution. The defendant cross-petitioned for the value of the bed. Upon trial, the jury gave the plaintiff $1250 on his petition and found against the defendant on her cross-petition. The court remitted $500 from the amount of the verdict as being excessive and also deducted $12 more, being the amount asked by the defendant in her cross-petition as the value of the bed.

The reason assigned by the Court for the latter remittitur was that the court had erred in its charge, in requiring the defendant to prove statutory criminal conversion, rather than ordinary common law conversion of the bed. The effect of such action was to render judgment for the defendant on her cross-petition, giving her the full amount claimed by her. This action removed all claims of error advanced by the defendant. She received all she had claimed. She could receive no more, no matter what error had intervened.

The defendant further objects to the charge of the court permitting the recovery of punitive damages. Such damages may always be incidental or ancillary to a suit for malicious prosecution. The very gist of the action is malice, either legal or actual. 25 O. Jur. 957.

Now it appears clearly from the record that the defendant knew that the plaintiff was not actually guilty of harboring any criminal intent in retaining the bed. The defendant had every reason to believe that the plaintiff retained the bed because he believed he was enttiled to retain it. The bed originally had been substituted by the defendant for an "in-a-door" bed, which was unsatisfactory to the plaintiff. The relationship between the parties at that time was that of landlord and tenant, the plaintiff being the tenant.

Subsequently, the defendant sold the premises and wanted the ordinary bed, which of course was not transferred with the building. The dispute between the parties was purely one involving a civil matter. The defendant resorted to the criminal courts to secure relief, purely civil in character. Certainly, no one can say in the face of such action that actual malice was not present. The evidence shows that defendant was told by the Clerk of the Municipal Court that the proceeding adopted was the only method of securing her bed. This does not negative the fact that she prosecuted the plaintiff for the purpose of securing purely civil relief, when she knew the plaintiff had committed no violation of any criminal statute.

The judgment is affirmed.

MATTHEWS, PJ. & HAMILTON, J., concur.